Citation Nr: 1134102 
Decision Date: 09/12/11 Archive Date: 09/22/11

DOCKET NO. 08-24 431 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to service connection for asthma. 


REPRESENTATION

Veteran represented by: Georgia Department of Veterans Services


ATTORNEY FOR THE BOARD

David Traskey, Counsel







INTRODUCTION

The Veteran had active service from July 1965 to July 1967. 

This matter came before the Board of Veterans' Appeals (Board) on appeal from a decision of July 2006 by a Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran requested a video-conference hearing in connection with the current claim. The hearing was scheduled for June 2010, but the Veteran failed to report for the hearing and made no attempt to reschedule the hearing for a later date. Thus, the claim will be processed as though the hearing request has been withdrawn. 38 C.F.R. § 20.704(d) (2010).

The Veteran's claim was previously before the Board in July 2010 and remanded for additional evidentiary development, to include obtaining a VA examination. Although the requested development was completed as directed, the Board regrettably finds that another remand is required for the reasons discussed below. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the Veteran if further action is required.


REMAND

The Veteran in this case has identified several sources of private treatment records pertinent to his current claim. In March 2006, the RO notified the Veteran that he had to complete records release forms for each provider and identify mailing addresses for each provider. In response to this letter, the Veteran provided signed and dated records release forms with addresses in April 2006 for the following private providers: C. Settle, M.D., A. Bhatnagar, M.D., and Q. Pirkle, Jr., M.D. A careful review of the claims file, however, appears to show that no attempt was ever made to obtain these treatment records on the Veteran's behalf. Therefore, an attempt should be made to obtain these records on remand. In addition, in a statement received in May 2006, the Veteran also provided the names and addresses of physicians Rhile, Nugent, Gropper, and Duralde, however, it does not appear that he provided complete authorization forms to VA nor does it appear that any follow-up was done to obtain authorization forms for these providers. 

The Veteran also receives medical care through VA. VA is required to make reasonable efforts to help the Veteran obtain records relevant to his claim, whether or not the records are in Federal custody. 38 U.S.C.A. § 5103A (West 2002); 38 C.F.R. § 3.159(c) (2010); Bell v. Derwinski, 2 Vet. App. 611 (1992). Therefore, the AMC should request all VA medical records pertaining to the Veteran from February 12, 2010. In addition, the Veteran should be contacted and asked to identify any non-VA sources of treatment for his asthma that are not already of record.
 
Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and request that he identify any and all non-VA sources of treatment for his asthma that are not already of record. In particular, the Veteran should provide, or authorize VA to obtain, any such pertinent private records, which are not already of record, including those of physicians Rhile, Nugent, Gropper, Duralde, Settle, Bhatnagar, and Pirkle. The RO should then attempt to obtain medical records from these providers. All efforts to obtain these records should be fully documented. If these records do not exist or cannot be obtained, the Veteran should be notified pursuant to 38 C.F.R. § 3.159(e) (2010). 

2. Associate with the claims file relevant VA medical treatment records pertaining to the Veteran from February 12, 2010. If there are no VA medical records dated after February 12, 2010, this finding should be documented in the claims folder.

3. Thereafter, ensure that the development above has been completed in accordance with the remand instructions, undertake any other development action that is deemed warranted, and readjudicate the Veteran's claim. If the benefit sought on appeal remains denied, the Veteran and his representative should be provided a supplemental statement of the case (SSOC). An appropriate period of time should be allowed for response before the case is returned to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).


_________________________________________________
S.S. TOTH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).